OPINION
Grover Cates appeals from his conviction and sentence for driving while under the influence of alcohol and speeding.
On February 13, 1999, Grover Cates was arrested by Fairborn police and charged with driving while under the influence of alcohol, R.C.4511.19, and speeding, R.C. 4511.21. Mr. Cates retained counsel and entered a not guilty plea.
On March 8, 1999, a pretrial conference was held. Following that conference, on March 9, 1999, Cates filed his written request for a jury trial. That same day, a jury trial was set for March 31, 1999.
The day before Cates' jury trial was to begin, defense counsel filed a motion seeking a continuance of the trial. Counsel stated that he was involved in two other trials on that same date, and also required additional time to consult with an expert witness who might testify on Cates' behalf.
On the morning of trial, March 31, 1999, defense counsel elaborated on his request for a continuance, stating that he was in the process of gathering information which his expert witness had asked to review in order to familiarize himself with the facts and circumstances surrounding this case. Counsel added that, lacking the testimony of the expert witness, he was not prepared to go to trial and could not competently defend Cates.
The prosecutor objected to any continuance, arguing that the issues which Cates wanted to raise through his expert witness, the accuracy of the breathalyzer test results, should have been raised before trial by a motion to suppress.
The trial court denied Cates' request for a continuance, citing the inconvenience to the court, prosecutor, witnesses, and potential jurors who were present and ready to proceed with the trial, along with the fact that defense counsel's request for a continuance could have and should have been made earlier.
Cates subsequently elected to enter a no contest plea to the charges rather than to proceed with the trial. The court found Cates guilty as charged and sentenced him according to law. From his conviction and sentence Grover Cates has now timely appealed to this court.
 FIRST ASSIGNMENT OF ERROR THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT FAILED TO GRANT A MOTION FOR CONTINUANCE FILED ON BEHALF OF MR. CATES.
Whether to grant or deny a request to continue a trial until a later date is a matter committed to the sound discretion of the trial court. State v. Unger (1981), 67 Ohio St.2d 65. An appellate court may not reverse the denial of a requested continuance absent an abuse of discretion. Id. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." State v. Adams (1980), 62 Ohio St.2d 151, 157.
 In evaluating a motion for a continuance, a court should note, inter alia: the length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which gives rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case.
State v. Unger, supra, at p. 67.
In arguing that the trial court abused its discretion in denying his request for a continuance, Cates points out that only twenty three days had elapsed since the trial date was scheduled. Moreover, Cates had not requested any prior continuances, the continuance he was seeking was not of any particular length, the trial court did not find that the requested continuance was dilatory or contrived, and defense counsel was not prepared to go forward on the scheduled trial date.
In requesting a continuance of the trial, Cates' counsel told the court that he needed additional time so to obtain various records his expert witness had asked to review in order to acquaint himself with all the facts and circumstances involved. The court found, however, that a delay would be an inconvenience to the court, prosecutor, witnesses and jurors who were then present and prepared to proceed with the trial. Cates challenges that finding, arguing that the jurors had not been summoned for his case alone, and that there were other cases set for trial that day on the court's docket that could have been tried instead. The court, in its remarks, suggested as much.
Of particular significance here, we think, is the fact that Cates requested his continuance only one day before his jury trial was to begin. From his representations to the court, one may reasonably conclude that defense counsel was aware of the need for a continuance to accommodate his expert witness well in advance of the date that counsel moved for a continuance. Counsel could have, and should have, requested a continuance before he did, avoiding inconvenience to the witnesses, opposing counsel, and the court. Defense counsel's failure to do so is chargeable to Cates, who thus contributed to the circumstances which gave rise to his request for a continuance.State v. Unger, supra.
We note that in denying Cates' motion the trial court stated that the trial date had been ordered on March 9, 1999, and that on that same date the court's assignment commissioner called counsel to advise them of the trial date. (T. 11). Unfortunately, that order was not journalized. However, Cates does not dispute the court's assertion. The better practice, we believe, is to journalize an order setting a trial date in order to avoid any later disputes.
On the record before us, we cannot find that the trial court abused its discretion in denying Cates' request for a continuance of the trial. The first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR THE TRIAL COURT ERRED BY ACCEPTING A PLEA THAT WAS NOT VOLUNTARY AND IN COMPLIANCE WITH CRIMINAL RULE 11.
A trial court's acceptance of a guilty or no contest plea in a misdemeanor case is governed by Crim.R. 11:
 (D) Misdemeanor cases involving serious offenses. In misdemeanor cases involving serious offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such plea without first addressing the defendant personally and informing the defendant of the effect of the pleas of guilty, no contest, and not guilty and determining that the defendant is making the plea voluntarily. Where the defendant is unrepresented by counsel the court shall not accept a plea of guilty or no contest unless the defendant, after being readvised that he or she has the right to be represented by retained counsel, or pursuant to Crim. R. 44 by appointed counsel, waives this right.
 (E) Misdemeanor cases involving petty offenses. In misdemeanor cases involving petty offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty.
 The counsel provisions of Crim. R. 44(B) and (C) apply to division (E) of this rule.
In accepting Cates' no contest pleas, the trial court personally addressed Mr. Cates and explained to him the effect of his no contest plea, the minimum and maximum sentences that could be imposed, and that entry of his no contest pleas waived Mr. Cates' right to a trial either before a jury or the court. Mr. Cates indicated to the court that he understood all of those matters. The court then stated: "Knowing that, are you voluntarily pleading no contest?" Cates responded: "Yes, ma'am." The record of the plea proceeding demonstrates compliance with the requirements of Crim.R. 11.
Nevertheless, Cates argues that his no contest plea was involuntary because "given the totality of the facts and circumstances of the proceeding, it is clear that Mr. Cates was left with no other option but to plead no contest." Cates fails to explain just what these "facts and circumstances" were. To the extent that they involve the court's denial of Cates' motion for a continuance of the trial and defense counsel's representation to the court that he was not prepared to go forward with the trial, the court's denial of the continuance was a product of Cates' own failure to pursue that request in a timely manner. The trial court's denial of the requested continuance no doubt influenced Cates' calculations that his chances for a lighter sentence were better served by a no contest plea. However, that does not render Cates' plea involuntary, at least in a constitutional sense. In fact, in that respect it is no different from the form of plea approved in North Carolina v. Alford (1970),400 U.S. 25.
The second assignment of error is overruled. The judgment of the trial court will be affirmed.
BROGAN, J. and WOLFF, J., concur.
Copies mailed to:
Michael Mayer, Esq., Grover Cates, Esq., Hon. Catherine M. Barber.